1  **PINNOCK & WAKEFIELD**
A Professional Corporation
2  David C. Wakefield, Esq.      Bar #: 185736
3033 Fifth Avenue, Suite 410
3  San Diego, CA 92103
Telephone:  619.858.3671
4  Facsimile:  619.858.3646

5  Attorneys for Plaintiffs

6

7

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA

10  **ROBERT McCARTHY,**                    Case No. C 07   3597

11                 **Plaintiff,**           **COMPLAINT**

12         **v.**

13                                          **DISCRIMINATORY PRACTICES IN**
                                            **PUBLIC ACCOMMODATIONS**
14  **RAPS HOSPITALITY GROUP d.b.a.**       [42 U.S.C. 12182(a) ET. SEQ; CA CIVIL
    **HOLIDAY INN EXPRESS HOTEL &**         CODE 51, 52, 54, 54.1, 54.3]
15  **SUITES; RAPS NEWARK, INC.; RAPS**
    **NEWARK, LLC;**
16  **INTERCONTINENTAL HOTELS**             **DEMAND FOR JURY TRIAL**
    **GROUP; AND DOES 1 THROUGH 10,**       [F.R.Civ.P. rule 38(b)]
17  **Inclusive,**
                 **Defendants.**
18

19

20

21                      **INTRODUCTION**

22  1.     Plaintiff ROBERT McCARTHY herein complains, by filing this Civil Complaint in

23  accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United

24  States District Court of the Northern District of California, that Defendants have in the past, and

25  presently are, engaging in discriminatory practices against individuals with disabilities. Plaintiff

26  alleges this civil action and others substantial similar thereto are necessary to compel access

27  compliance because empirical research on the effectiveness of Title III of the Americans with

28
                                1

Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## INTRADISTRICT ASSIGNMENT

2.      Pursuant to Local Rule 3-2, this action should be assigned to the Oakland Division as the property that is the subject of this action is situated in Alameda County.

## JURISDICTION AND VENUE

3.      The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Northern District of California.

## SUPPLEMENTAL JURISDICTION

4.      The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, Plaintiff ROBERT McCARTHY was injured. Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and one would ordinarily expect the

2

COMPLAINT
CASE #

actions to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

5.      Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant RAPS HOSPITALITY GROUP d.b.a. HOLIDAY INN EXPRESS HOTEL & SUITES is located at 5977 Mowry Avenue, Newark, California, 94560-5005.   Plaintiff is informed and believes and thereon alleges that Defendants RAPS HOSPITALITY GROUP; RAPS NEWARK, INC.; and/or RAPS NEWARK, LLC; and/or INTERCONTINENTAL HOTELS GROUP are the owners, operators, franchisers, franchisees, licensors, and/or licensees of the HOLIDAY INN EXPRESS HOTEL & SUITES. Additionally, Plaintiff is informed and believes and thereon alleges that Defendants RAPS NEWARK, INC. and RAPS NEWARK, LLC, are the owners, operators, and/or lessors of the real property located at 5977 Mowry Avenue, Newark, California, 94560-5005, Assessor Parcel Number 092A-2549-068.  Defendants RAPS HOSPITALITY GROUP; RAPS NEWARK, INC.; and RAPS NEWARK, LLC, are located at 229 Kings Court, San Carlos, California, 94070. Defendants INTERCONTINENTAL HOTELS GROUP is located at 3 Ravina Drive, Suite 100, Atlanta, Georgia, 30346-2149.

6.      The words Plaintiffs and Plaintiff as used herein specifically include ROBERT McCARTHY.

7.      Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of RAPS HOSPITALITY GROUP d.b.a. HOLIDAY INN EXPRESS HOTEL & SUITES; RAPS NEWARK, INC.; RAPS NEWARK, LLC; and/or INTERCONTINENTAL HOTELS GROUP.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

8.      Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them

3

herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

9.    Plaintiff ROBERT McCARTHY (hereinafter "MCCARTHY") has physical impairments and due to these impairments he has learned to successfully operate a wheelchair for mobility. Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following major life activities including but not limited to:  walking.

10.    In year 2007, Plaintiff MCCARTHY went to Defendants' public accommodation facilities known as RAPS HOSPITALITY GROUP d.b.a. HOLIDAY INN EXPRESS HOTEL & SUITES (hereinafter "HOLIDAY INN EXPRESS"), located at 5977 Mowry Avenue, Newark, California, 94560-5005, Assessor Parcel Number 092A-2549-068, to utilize their goods and/or services with his friend who accompanied MCCARTHY.  When Plaintiff MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, the exterior path of travel, registration counter, guestroom, guestroom bathroom, guestroom clothing rod and storage, guestroom operable control, lobby men's restroom, and pool/fitness center facilities including but not limited to the facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities known as the HOLIDAY INN EXPRESS.

11.    Plaintiff MCCARTHY personally experienced difficulty with said access barriers at the HOLIDAY INN EXPRESS.  The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For example, there fails

4

to be the required disability signage at the entrances to the parking facilities serving the HOLIDAY INN EXPRESS informing patrons they may be fined or their vehicles may be towed if they unlawfully park in a disabled parking space. Also, none of the designated disabled parking spaces have the required disability signage informing patrons they may be fined or their vehicle may be towed if they unlawfully park in a disabled parking space. To the right of the lobby entrance, there is one (1) designated disabled parking space. To the left of the lobby, there are two (2) designated disabled parking spaces, one (1) of which is a designated "Van Accessible" disabled parking spaces, and both of which share an access aisle. The designated "Van Accessible" disabled parking space is located to the left of the other conjoined disabled parking space. The designated "Van Accessible" disabled parking space fails to have a designated safe and accessible exterior path of travel leading to the curb cut, thereby requiring disabled patrons to traverse behind a parked vehicle other than their own parked in the non-"Van Accessible" disabled parking space. To access the curb cut. There fails to be a designated safe and accessible exterior path of travel leading from the public sidewalk to the hotel. Additionally, there fail to be designated safe and accessible exterior paths of travel between the buildings located on the hotel property, thereby requiring disabled patrons to traverse through vehicular traffic to reach the other buildings on the property.

12.      Within the lobby of the HOLIDAY INN EXPRESS, the registration counter fails to be accessible, as the only usable portion of registration counter is forty-five inches (45") high. There is a lowered section of counter, located on the parking lot side of the registration counter, however, the lowered section of counter is obstructed and filled up with the front desk telephone system console, thereby rendering the lowered section of counter unusable. The HOLIDAY INN EXPRESS clerk required Plaintiff MCCARTHY to conduct all of the registration transaction, including the execution of his registration form, over the very high registration counter. At no time was a clipboard offered to Plaintiff MCCARTHY by hotel staff. The men's restroom located in the lobby fails to be accessible, as the flush valve handle on the commode in the men's restroom is impermissibly located on the far side of the commode. Also, the coat hook within this men's restroom fails to be accessible, as the hook is mounted sixty-eight inches (68") above the finished

5

floor. The HOLIDAY INN EXPRESS has one hundred (100) guestrooms, including thirty-one (31) suites, on four (4) floors. If a hotel has between seventy-six (76) to one hundred (100) guestrooms, the hotel must have four (4) fully designated accessible guestrooms, plus one (1) additional fully accessible guestroom containing a roll-in shower.

13.    Plaintiff MCCARTHY paid for and was given Guestroom 105, a guestroom Plaintiff MCCARTHY was assured was a fully accessible guestroom. Guestroom 105 fails to be accessible and Plaintiff MCCARTHY encountered numerous architectural barriers. For example, Plaintiff MCCARTHY was completely precluded from accessing the nighttime security latch on the entrance door of Guestroom 105, as the security latch is mounted sixty-three inches (63") above the finished floor. The guestroom bathroom within Guestroom 105 completely fails to be accessible. Guestroom 105 fails to have a roll-in shower. The existing bathtub/shower enclosure fails to have the required in-tub bench seat. Within the bathtub/shower enclosure there also fails to be adequate grab bar facilities, as there is only one (1) grab bar mounted on the side wall and no grab bar mounted at all on the wall at the foot of the bathtub. The bathtub faucet control valve is mounted very far from the edge of the bathtub, which required Plaintiff MCCARTHY to lean forward and to the side at both an awkward and unsafe angle in order to operate the valve. As a result, Plaintiff MCCARTHY was precluded from using the bathtub portion of the bathtub/shower enclosure for bathing. Additionally, the top of the mounting bracket for the hand held shower spray unit is mounted sixty-seven inches (67") high and is completely unreachable. The circular base for the retractable clothing line in the bathtub/shower enclosure is mounted even higher, at seventy-seven inches (77") high and further beyond the reach of Plaintiff MCCARTHY. As a result, of the above, Plaintiff MCCARTHY was precluded from bathing or showing in the bathtub/shower enclosure within Guestroom 105. In order to clean his body, Plaintiff MCCARTHY had to obtain the assistance of his friend which greatly embarrassed and humiliated Plaintiff MCCARTHY.

14.    Other architectural barriers exist within the guestroom bathroom on Guestroom 105. For example, the flush valve on the commode fails to be accessible, as the flush valve is mounted on the far side of the commode. The toilet paper dispenser fails to be located in front of the commode.

6

The operable switch of the heat lamp timer fails to be accessible, as the switch requires tight grasping and/or twisting of the wrist to operate. The coat hook within the guestroom bathroom also fails to be accessible, as it is mounted fifty-five inches (55") above the finished floor.

15.     Also within Guestroom 105, the clothing rod within the closet fails to be accessible, as the existing clothing rod is mounted sixty-four inches (64") high. When Plaintiff MCCARTHY stayed in Guestroom 105, there was an empty rod mounting that would have allowed for a clothing rod to be installed that would be forty-eight inches (48") high, but there was no second clothing rod to place into the empty mounting nor could Plaintiff MCCARTHY reach the clothing rod that was mounted sixty-four inches (64") high to reposition this rod to the lower mounting bracket. The only storage shelf provided within the closet is mounted higher than the sixty-four inch (64") high rod. The guestroom iron and extra pillows are located on this very high shelf. Therefore, Plaintiff MCCARTHY was precluded from accessing the iron and extra pillows. The window latch is also inaccessible, as the latch is fifty-six and one-half inches (65 ½") high. The environmental control unit is located directly below the interior ledge of the window. The environmental control unit is sixteen inches (16") deep. The operable controls of the environmental control unit fail to be accessible, as the controls require tight grasping and/or twisting of the wrist to operate.

16.     The Fitness Center is located in Room 119 of the hotel and the restroom serving this Fitness Center fails to be accessible. The commode in this restroom is too low to be accessible and there fails to be any of the required grab bars around the commode. At the end of the hall from Plaintiff MCCARTHY's guestroom, Guestroom 105, there is a door that leads out to the pool area. Outside the door, which Plaintiff MCCARTHY turned left, he passed through a metal gate with vertical bars and immediately rolled down an access ramp to the pool gate. The latch for this pool gate is inaccessible, as it is mounted on the right side of the gate at the very top of the gate and is located on the poolside of the entrance gate. The latch was extremely difficult to either reach or operate by Plaintiff MCCARTHY. This gate is a metal gate and fails to have the required smooth and uninterrupted surface on the bottom ten inches of the gate entrance door that allows the gate to be opened with a wheelchair footrest without creating a hazard. The pool fails to have the required

7

assistive lifting device that assists disabled patrons into and out of the pool. There fails to be any disability signage directing patrons to the location of such an assistive lifting device. Also, within the pool area, there is an emergency telephone mounted in a very low location against the building. This telephone is not reachable from the cement patio, as rock landscaping separate the telephone from the patio. When leaving the pool area, there fails to be the required level landing after pushing up the access ramp on the pull side of the pool gate.

17.     Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

18.     Plaintiff MCCARTHY intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff MCCARTHY is presently deterred from returning due to their knowledge of the barriers to access that exist at Defendants' facilities.

19.     Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under

COMPLAINT
CASE #

the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

20.    Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff MCCARTHY which would preclude or limit access by MCCARTHY and other persons with disabilities, potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

21.    Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' facilities. Plaintiff MCCARTHY was extremely upset due to Defendants' conduct.

## NOTICE

22.    Plaintiff is not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

## WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT

23.    RAPS HOSPITALITY GROUP d.b.a. HOLIDAY INN EXPRESS HOTEL & SUITES; RAPS NEWARK, INC.; RAPS NEWARK, LLC; INTERCONTINENTAL HOTELS GROUP; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

24.    Plaintiff aver that the Defendants are liable for the following claims as alleged below:

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- Claims Under The Americans With Disabilities Act Of 1990

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

25.    Based on the facts plead at ¶¶ 9 - 21 above and elsewhere in this complaint, Plaintiff MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges,

9

advantages, or accommodations.  Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MCCARTHY was denied equal access to Defendants' existing facilities.

26.     Plaintiff ROBERT McCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff MCCARTHY said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

27.     Based on the facts plead at ¶¶ 9 - 21 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

28.     Additionally, the Defendants undertook an alteration that affects or could affect the usability

10

of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

29.     Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a).  Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

30.     Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.


CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

31.     Based on the facts plead at ¶¶ 9 - 21 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants.  Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities in violation of Americans With Disabilities Act Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A; hereinafter "ADAAG") and Title 24 of the California Building Code.  Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code

11

12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

32.     Based on the facts plead at ¶¶ 9 - 21 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

33.     Based on the facts plead at ¶¶ 9 - 21 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

34.     WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

///

///

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER**

12

COMPLAINT
CASE #

## CALIFORNIA ACCESSIBILITY LAWS

### CLAIM I: __Denial Of Full And Equal Access__

35.     Based on the facts plead at ¶¶ 9 - 21 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities.

36.     These violations denied Plaintiff ROBERT McCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT McCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

### CLAIM II: __Failure To Modify Practices, Policies And Procedures__

37.     Based on the facts plead at ¶¶ 9 - 21 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

### CLAIM III: __Violation Of The Unruh Act__

38.     Based on the facts plead at ¶¶ 9 - 21 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

39.     Based on the facts plead at ¶¶ 9 - 21 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable

13

harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

40.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

41.    Defendants, each of them respectively, at times prior to and including the date Plaintiff patronized Defendants facilities and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to

14

sections 52(a) and 54.3(a) of the California Civil Code.

42.     Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law.  Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

43.     Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities.  Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

44.     Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.     For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B.     For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

C.     In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a).  Plaintiff requests this Court enjoin Defendants to remove all architectural and communication barriers in, at, or on their facilities

15

including without limitation violations of the ADA, ADA Accessibility Guidelines and Title 24 of the California Building Code

E.      For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Cal. Code of Civil Procedure §§ 1032 and 1033.5, and Cal. Civil Code § 52;

F.      For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G.      A Jury Trial and;

H.      For such other further relief as the court deems proper.

Respectfully submitted:

                                        PINNOCK & WAKEFIELD, A.P.C.

Dated: June 29,  2007

                                        By: _____
                                            DAVID C. WAKEFIELD, ESQ.
                                            Attorneys for Plaintiff

16